## UNITED STATES *v.* McELROY and others.

*(Circuit Court, D. Kansas.   December 16, 1885.)*

MORTGAGE—FORECLOSURE OF—RIGHT OF GOVERNMENT TO REDEEM—STATUTE OF
    LIMITATIONS—LACHES.

Neither the statute of limitations nor laches will bar the government as to
any claim for relief in a purely governmental matter; but when the govern-
ment comes as a complainant into a court of equity, asserting the same rights
as an individual,—a mere matter of dollars and cents, involving no question
of governmental right or duty,—although technically the statute of limita-
tions may not bar, the ordinary rules controlling courts of equity as to laches
should be enforced.   *U. S. v. Beebee,* 17 Fed. Rep. 37, followed.

In Equity.

*W. C. Perry* and *C. F. Ware,* for complainant.

*J. D. McCleverty,* for defendant.

BREWER, J.   This is a bill brought by the government to redeem.
The facts are these: On August 7, 1869, one Moses McElroy was the
owner in fee of a lot in Fort Scott.   On that day, for value, he exe-
cuted a mortgage for $3,500 to one Polly Palmer.   On the sixteenth
day of October, 1869, the present complainant recovered a judgment
of $2,000 in the United States district court for this state against said
McElroy.   On November 6, 1869, execution was issued on this judg-
ment and levy made upon said lot; said execution was returned un-
satisfied for want of bidders at the sale.   On a subsequent execution,
and on May 30, 1871, said lot was sold at the front door of the court-
house in the city of Fort Scott to the present complainant, and on
October 16, 1871, said sale was confirmed and deed ordered made to
the complainant.   On May 30, 1871, said mortgagee, Polly Palmer,
commenced a foreclosure suit in the district court of Bourbon county,
and on October 4, 1871, decree of foreclosure was rendered in her fa-
vor.   Thereafter the property was sold under that foreclosure and
on January 4, 1872, the sheriff's deed was executed and delivered to
said mortgagee, Polly Palmer, and duly filed for record in the office
of the register of deeds in Bourbon county, Kansas.   In that foreclos-
ure proceeding the present plaintiff was not made a party, and indeed
could not be without its consent.   Both the mortgagor and mortgagee
have since deceased, leaving heirs, as against whom this bill to redeem
is filed.

The bill in this case was filed November 28, 1884, more than 12
years after the sheriff's deed in foreclosure to Polly Palmer, and more
than 13 years after the sale to the government on the execution.   To
this bill a demurrer has been filed, and the question presented is
whether, by laches or limitation, the plaintiff is barred of any remedy.
Unquestionably, if the plaintiff was a private individual, the statute
of limitations would cut off all right to redeem; but it is said that the
statute of limitations runs not against the government.   This is un-
questionably true, and it may also, for the purposes of this case, be

conceded that neither the statute of limitations nor laches bar the government as to any claim for relief in a purely governmental matter; but when the government comes as a complainant into a court of equity, asserting the same rights as a private individual,—a mere matter of dollars and cents, involving no questions of governmental right or duty,—it seems that, although technically the statute of limitations may not bar, the ordinary rules controlling courts of equity as to the effect of laches should be enforced. In the case of *U. S.* v. *Beebee,* 17 Fed. Rep. 37, this rule was laid down by the circuit court of this circuit:

"Lapse of time may be a sufficient defense to a suit instituted in the name of the United States. When the government becomes a party to a suit in its courts it is bound by the same principles that govern individuals. When the United States voluntarily appears in a court of justice, it at the same time voluntarily submits to the law, and places itself upon an equality with other litigants."

I think that doctrine eminently just and correct. It is especially true in a case like this. The government could not, except at its own will, be made a party to any foreclosure suit. When a complainant is therefore, in a foreclosure suit, unable to compel the appearance of the government or to have its rights adjusted and foreclosed, it would be cruel to hold that a party standing by its own will aloof from the power of the courts could bide its time, and after the lapse of many years, when property values have changed, when parties have acted in the faith of perfect title, come into a court of equity and say that all these proceedings go for naught so far as title is concerned, and now claim a property which by the combined efforts and action of many individuals, among whom is such complainant, has been largely increased in value. I hold, therefore, that the claim of the government is barred by its own laches, and that the demurrer must be sustained and the bill dismissed.